UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
                                           )
PAINTERS & ALLIED TRADES                   )
DISTRICT COUNCIL NO. 35,                   )
                                           )
            Plaintiff,                     )
                                           )        C.A. No. 03-12564 RCL
v.                                         )
                                           )
KMA DRYWALL, INC.,                         )
                                           )
            Defendant.                     )
                                           )
```

## AFFIDAVIT OF RALPH HARRIMAN

Ralph Harriman deposes and states as follows:

1. My name is Ralph Harriman. I am the Business Manager of the Painters and Allied Trades District Council No. 35 ("District Council"). My office is located at 25 Colgate Road, Roslindale MA 02131. As Business Manager, I am responsible for the day-to-day administration of District Council No. 35, including the maintenance and oversight of all its activities.

2. I am also union co-chair of the New England Painting, Finishing & Glazing D.C. No. 35 Joint Trade Board (hereinafter referred to as "Joint Trade Board"), and the Painters and Allied Trades District Council No. 35 Area Benefit Funds. Therefore, I am familiar with the collective bargaining agreements of the District Council and the awards issued by the Joint Trade Board.

3. The District Council is the authorized collective bargaining representative for painters and allied trades employed in Massachusetts, Vermont, Maine, and New Hampshire.

4. The District Council and the Painters & Finishing Employers Association of New England, Inc. ("Contractors Association"), and the Glass Employers Association of New England, Inc., are parties to a collective bargaining agreement (hereinafter "the agreement") with effective dates of July 1, 2002 to June 30, 2006, attached hereto as Exhibit A.

5. KMA Drywall, Inc. (hereinafter "KMA"), was bound by the agreement by virtue of its having signed a Memorandum of Understanding for Non-Association Independent Contractors on September 4, 2002, a copy of which is attached hereto as Exhibit B.

6. Article XIX of the agreement provides for a grievance and arbitration provision for handling disputes that arise under the agreement. Pursuant to Article XIX, Section 1, the Joint Trade Board is made up of representatives from both the District Council and the Contractors Association, and is authorized, pursuant to Article XIX, Section 5 of the agreement, to hear and adjudicate "all questions of interpretation of this agreement and all grievances and complaints against members of either party to this Agreement, or independent signatory Employer for alleged violations of the same."

7. Article XIX, Section 11 of the agreement mandates that the Joint Trade Board's decisions are binding on the parties, unless appealed in conformity with Article XX of the agreement.

8. In a letter dated September 10, 2003, attached hereto as Exhibit C, the Joint Trade Board notified KMA that charges had been brought against the company for

violation of Article IX, Section 3 of the agreement, which addresses fringe benefit contributions.

9. The Joint Trade Board also informed KMA in the September 10, 2003 letter that it was being summoned to have a representative to appear on its behalf before the New England Painting, Finishing & Glazing D.C. No. 35 Joint Trade Board at 9:45 a.m. on Wednesday, September 24, 2003, at the offices of Painters and Allied Trades District Council No. 35, 25 Colgate Road, Roslindale, Massachusetts, to resolve the matter. The Joint Trade Board also included a copy of its procedures with the letter, and Lynn Gardiner, President of KMA, signed for the letter on September 11, 2003.

10. On September 24, 2003, a hearing was held before the Joint Trade Board. Lynn Gardiner, President of KMA Drywall, appeared on behalf of the Company. Sharon Saganey, Fund Administrator for the Painters and Allied Trades District Council No. 35 Trust Funds, presented evidence in support of the charge, explaining that KMA had failed to pay the required fringe benefit contributions for June and July 2003, as well as for August 2003, and that KMA was in arrears a total of $21,171.32.

11. Based upon the evidence presented, the Joint Trade Board held that KMA had breached Article IX, Section 3 of the agreement by failing to make the required contributions for June, July, and August 2003 in the amount of $21,171.32. The Board also held that KMA was required to pay 20% liquidated damages and an administrative fee of $200, for a total award of $25,605.58.

12. In a letter dated October 3, 2003, sent via certified mail and attached hereto as Exhibit D, the Joint Trade Board notified Lynn Gardiner of KMA that it had heard the charges on September 24, 2003, had ruled in the District Council's favor, and had assessed an award against KMA Drywall in the amount of $25,605.58, payable within ten days following receipt of the award. The Joint Trade Board included a copy of its appeal procedures.

13. The Joint Trade Board also noted in the October 3, 2003 award that if KMA failed to comply with the terms of the award, and the Union prevailed in a judicial enforcement action, attorney's fees would be deemed part of the award, along with interest on the attorney fees counting from a date ten days after KMA's receipt of the award.

14. Lynn Gardiner signed for receipt of the October 3, 2003 letter on October 6, 2003.

15. KMA Drywall did not appeal the Joint Trade Board's decision within ten days of receipt of the award, nor did it move to vacate the award in federal district court within thirty days of receipt of the award. To date, KMA Drywall has not made payment of the award.

SIGNED UNDER THE PENALTIES OF PERJURY THIS 2nd DAY OF JUNE, 2004.

_____
Ralph Harriman