UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAINTERS AND ALLIED TRADES DISTRICT COUNCIL NO. 35<br>    Plaintiff,<br><br>v.<br><br>KMA DRYWALL<br>    Defendant. | Civil Action No. 03-12564-RCL |

ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Lindsay, District Judge.

In this action, brought under Section 301(a) of the Labor Management Relations Act of 1947, to enforce a labor arbitration award, the plaintiff, Painters & Allied Trades District Council No. 35 ("the Union"), has filed a motion for summary judgment. The Union received the award under a collective bargaining agreement ("Agreement") with the defendant, KMA Drywayll, Inc. ("KMA"). Based on the papers submitted, the court has determined that no hearing on this motion is necessary.

The undisputed facts establish the following. On October 3, 2003, the Joint Trade Board ("Joint Board"), the entity designated by the Agreement to hear disputes thereunder, after a hearing where all parties attended, issued an award determining that KMA was liable to the Union for $25,605.58. The award consisted of $21,171.32 for three months of unpaid contributions for fringe benefits, 20% liquidated damages, and an administrative fee of $200. The award provided that if KMA failed to comply with the terms of the award, KMA would be

subject to further fees, including attorney's fees and prejudgment interest, pursuant to the Agreement.  KMA did not move to vacate the award and did not otherwise contest it.

Under the "extremely narrow and deferential" standard reviewing courts apply to labor arbitration awards, I am limited to determining whether the Joint Board's decision was "plausible."  *Keebler Co. v. Truck Drivers, Local 170*, 247 F.3d 8, 10 (1st Cir. 2001).  Here, every aspect of the Joint Board's decision is supported by a specific provision of the Agreement.  While conceding that it did not pay the benefits pursuant to the Agreement, the defendant asks that I order the parties to negotiate a payment schedule.   However, I am not "authorized to reject [an arbitrator's] honest judgment as to the appropriate remedy, if the contract gives him the authority to decide that question."  *Poland Spring Corp. v. United Food & Commercial Workers Local 1445*, 314 F.3d 29, 33 (1st Cir. 2002).  The Joint Board's remedy, like its decision, is based on specific provisions of the Agreement.

For the foregoing reasons, the plaintiff's motion for summary judgment is GRANTED.  In accordance with the arbitrator's decision, judgment shall be entered for the Union, enforcing the award in the amount of $25,605.58, plus interest in the amount of 1.5% per month up to $500 and 2% above prime rate per month over $500, calculated from 10 days after KMA's receipt of the Joint Board's decision.  The Union is also entitled to reasonable attorneys' fees and costs, pursuant to the Agreement and the arbitration award.

SO ORDERED.

/s/ Reginald C. Lindsay
United States District Judge

Date: November 22, 2004